UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

THE UNITED FOOD & COMMERCIAL
WORKERS INTERNATIONAL UNION-
INDUSTRY PENSION FUND,

    Plaintiff,

v.

CUNNINGHAM FOOD SERVICES, LLC,

    Defendant.

Case No. _____

---

## COMPLAINT

In support of its claims against Defendant Cunningham Food Services, LLC ("Cunningham"), Plaintiff United Food & Commercial Workers International Union-Industry Pension Fund (the "Fund") alleges the following:

### THE PARTIES

1. The Fund is a multiemployer pension plan within the meaning of ERISA §§ 3(2)(A), 3(3), 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(2)(A), 1002(3), 1002(37), and 1301(a)(3), and is established and maintained pursuant to section 302(c)(5) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 186(c)(5). The Fund is administered in Oak Brook, Illinois by the Fund's Board of Trustees. The Board of Trustees is composed equally of representatives of employers and employees, which serve as "plan sponsor" and "administrator" of the Fund within the meaning of ERISA §§ 3(16), 400l(a)(l) and 4001(a)(10), 29 U.S.C. § 1002(16), 1301(a)(l), and 1301(a)(l0).

2. Upon information and belief, Defendant Cunningham Food Services, LLC ("Cunningham") is a Virginia company with a principal place of business at 6990 Bull Hill Road, Prince George, Virginia.

3. Upon information and belief, there may be other trades or businesses under common control with Cunningham within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1391(b)(1). Plaintiff may add these entities as defendants in this action.

## JURISDICTION AND VENUE

4. This is an action by an employee benefit plan to collect delinquent withdrawal liability payments owed to the plan as required by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et. seq. ("ERISA").

5. This Court has jurisdiction to hear this matter pursuant to ERISA §§ 502, 515, and 4301(c), 29 U.S.C. §§ 1132, 1145 and 1451(c).

6. Venue is proper in this Court under ERISA §§ 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Fund is administered in the Northern District of Illinois.

## FACTUAL BACKGROUND

7. Cunningham participated in the Fund pursuant to a collective bargaining agreement with the United Food and Commercial Workers Local No. 1048C (the "Union") and was an "employer" in the Fund within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(l). Cunningham's collective bargaining agreement with the Union (the "CBA") required that it contribute to the Fund on behalf of eligible employees who perform bargaining unit work.

8. By agreeing to be bound by the CBA, Cunningham adopted and assented to all the terms and provisions of the Fund's trust agreements, including all rules and regulations adopted by the Fund's trustees.

9. The Fund has adopted a Delinquency Collection Policy/Procedure (the "Policy"). The Policy empowers the Fund under the circumstances of this case to collect, in addition to delinquent contributions (including any failure of the employer to make any withdrawal liability payment within the time prescribed), interest, liquidated damages, and costs of collection, including reasonable attorneys' fees. A true and correct copy of the Policy is attached hereto as **Exhibit A**.

10. ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), also provides that in an action to collect delinquent contributions (including any failure of the employer to make any withdrawal liability payment within the time prescribed) in which the fund prevails, the Court shall award, in addition to the delinquent contributions, interest, liquidated damages, and the costs of collection, including reasonable attorneys' fees.

## CUNNINGHAM'S VIOLATION OF ERISA §§ 4219(c)(2) AND 4221(d)

11. The Board of Trustees for the Fund determined that Cunningham experienced a complete withdrawal within the meaning of ERISA § 4203(a), 29 U.S.C.§ l383(a), in the Plan Year ending June 30, 2025 and that Cunningham be assessed withdrawal liability for a complete withdrawal.

12. Based on the calculation by the Fund's actuary, the Fund issued Cunningham a notice of Withdrawal Liability Assessment dated August 5, 2025, which explained that Cunningham owed the Fund withdrawal liability in the amount of $341,978 payable in two (2) quarterly installments of $128,705 beginning on September 1, 2025,

3

plus a final payment of $84,568 on March 1, 2026 (the "Assessment"). A true and correct copy of the Assessment is attached hereto as **Exhibit B.**

13. Pursuant to ERISA §§ 4202 and 4219(b)(1), 29 U.S.C. §§ 1382 and 1399(b)(l), the Fund notified Cunningham in an August 5, 2025 letter to Amira McCullough of the amount of its liability and the schedule for liability payments. The August 5, 2025 letter demanded that Cunningham, and all other trades and businesses under common control with Cunningham, pay the $341,978 withdrawal liability in (2) quarterly installments of $128,705 beginning on September 1, 2025, plus a final payment of $84,568 on March 1, 2026. The August 5, 2025 letter advised that Cunningham would be subject to the Fund's Delinquency Collection Policy if the withdrawal liability payments were not made when due. If any withdrawal liability payment was not made when due, the Fund's Delinquency Collection Policy provides that a withdrawn employer will be liable for the following if the Fund refers the delinquency to legal counsel and legal counsel files a collection action: liquidated damages of 20% of the delinquency, interest equal to the prime rate plus 2% (updated each January 1 and July 1) in addition to court costs and attorneys' fees incurred in collection of such delinquency. The August 5, 2025 letter also notified Cunningham that it would be considered to be in default under ERISA § 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), if Cunningham failed to pay any outstanding withdrawal liability payments within 60 days of receipt of the written notice of delinquency from the Fund.

14. Neither Cunningham nor any trade or business under common control with Cunningham paid the $128,705 installment due on September 1, 2025.

15. When Cunningham failed to pay the September 1, 2025 withdrawal liability payment, the Fund issued a demand for payment to Cunningham in a letter to Sam Minotti dated September 11, 2025 (the "Demand"), which identified interest owed on the

4

delinquent withdrawal liability payment. A true and correct copy of the Demand is attached hereto as **Exhibit C.**

16. Cunningham ignored the Assessment and the Demand and failed to pay the withdrawal liability payment and interest owed to the Fund.

17. Neither Cunningham nor any trade or business under common control with Cunningham has paid the $128,705 within 60 days of the Fund's September 11, 2025 letter notifying Cunningham of the delinquency and demanding payment.

18. In correspondence to Sam Minotti dated October 6, 2025, legal counsel to the Fund issued a final demand for the delinquent withdrawal liability payment and interest owed to the Fund (the "Final Demand"). In the Final Demand, the Fund advised Cunningham that it had one final chance to pay the amounts owed to the Fund on a voluntary basis, but that, in the event the Fund received no response to the Final Demand prior to October 20, 2025, the Fund would proceed with litigation. A true and correct copy of the Final Demand is attached hereto as **Exhibit D.**

19. Cunningham failed to respond to the Final Demand.

20. The Board of Trustees declared a default under ERISA § 4219(c)(5) and directed that a collection action against Cunningham and trades or businesses under common control with Cunningham be initiated.

21. ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), provides that "[i]n the event of a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made."

5

22. To date, neither Cunningham nor any trade or business under common control with Cunningham have paid the delinquent $128,705 in withdrawal liability, nor the interest that has accrued thereon.

23. ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), provides that withdrawal liability shall be payable "beginning no later than 60 days after the date of demand notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule."

24. ERISA § 422l(d), 29 U.S.C. § 1401(d), provides that even in cases where a request for review and arbitration are initiated by a withdrawn employer, payments shall be made by the employer "until the arbitrator issues a final decision with respect to the determination submitted for arbitration." Courts have characterized the requirements imposed by ERISA §§ 4219(c)(2) and 4221(d), 29 U.S.C. §§ 1391(c)(2) and 1401(d), as a "pay now, dispute later" obligation.

25. With regard to the Assessment, Cunningham has not initiated arbitration in this matter pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a), and, consequently, no arbitrator has issued a final determination modifying the Fund's withdrawal liability assessment.

### CUNNINGHAM'S VIOLATION OF ERISA § 515

26. Cunningham has violated ERISA § 515. Specifically, Cunningham has failed to pay the September 1, 2025 withdrawal liability payment within the time prescribed, which is treated in the same manner as a delinquent contribution pursuant to ERISA § 4301(b), 29 U.S.C. § 1451(b).

6

## COUNT I:
## DELINQUENT WITHDRAWAL LIABILITY

27. The Fund realleges and incorporates the preceding allegations as if set forth fully herein.

28. As a result of its failure to make the withdrawal liability payments in accordance with the Fund's payment schedule, Cunningham has violated ERISA §§ 4219(c)(2) and 422l(d), 29 U.S.C. §§ 1399(c)(2) and 140l(d).

29. ERISA § 4301(b), 29 U.S.C. § 1451(b), provides that any failure of an employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution within the meaning of ERISA § 515, 29 U.S.C. § 1145.

30. ERISA § 502(g)(2), 29 U.S.C. § l132(g)(2), requires that, upon entry of Judgment in favor of a plan to enforce ERISA § 515, the Court shall award the plan the unpaid contributions, interest on the unpaid contributions, 20% liquidated damages and attorneys' fees and costs incurred in recovering the outstanding withdrawal liability payments.

31. ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), provides that a failure to make a withdrawal liability payment is considered a "default" if the failure is not cured within 60 days after an employer receives written notification from the plan sponsor of such failure. ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5) further provides that in the event of such default, the Board of Trustees may require immediate payment of the entire amount of outstanding withdrawal liability, plus accrued interest on that total amount of withdrawal liability from the due date of the first payment which was not timely made. Section 4219.33 of the Pension Benefit Guaranty Corporation's regulations, 29 C.F.R. § 4219.33, provides

7

that the Fund may adopt rules for determining the rate of interest to be charged on defaulted withdrawal liability. The Board of Trustees of the Fund has adopted such rules, and they are reflected in the Fund's Delinquency Collection Policy.

32. Pursuant to ERISA § 4001(b)(l), 29 U.S.C. § 1301(b)(l), and the regulations promulgated thereunder, contributing employer Cunningham is liable for the entire Assessment.

33. Pursuant to ERISA §§ 502(g)(2), 400l(b)(l), 4219(c)(2), 422l(d) and 4301, 29 U.S.C. §§ 1132(g)(2), 130l(b)(l), 1399(c)(2), 1401(d) and 1451, defendant Cunningham is liable for the $128,705 withdrawal liability payment due, 20% liquidated damages, interest, and attorneys' fees and costs incurred by the Fund in recovering the withdrawal liability payment.

**WHEREFORE,** Plaintiff demands the following relief:

A. An Order for a Money Judgment in favor of the Fund and against Defendant in the amount of:

1. $341,978, representing the total withdrawal liability owed to the Fund;

2. All interest and liquidated damages owed on the $128,705 delinquent withdrawal liability;

3. The reasonable attorneys' fees and actual costs the Fund incurs to collect Defendant's delinquent withdrawal liability;

B. That the Court retain jurisdiction pending compliance with its orders; and

C. For such other, further or different relief as the Court deems just and proper.

8

Dated this 14th day of November, 2025.

/s/ Daniel G. Murphy
Daniel G. Murphy
WI State Bar ID No. 1097740
dmurphy@reinhartlaw.com
Mary Margaret Evans
WI Bar ID No. 1130108
mevans@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

/s/ Travis J. Ketterman
Travis J. Ketterman
IL State Bar ID No. 6237433
tketterman@mkrlaborlaw.com
McGann Ketterman & Rioux, Ltd.
111 East Wacker Drive, Suite 2300
Chicago, IL 60601
(312) 251-9700

*Attorneys for Plaintiff*